UNITED STATES v. ZENTGRAF.

(Circuit Court of Appeals, Second Circuit. April 19, 1894.)

CUSTOMS DUTIES—DUTIABLE WEIGHT—ULTRAMARINE BLUE.
　　Ultramarine blue in pulp, which consists of the ultramarine ground in water so as to form a thick paste, is dutiable, under paragraph 55 of the act of October 1, 1890, at 4½ cents a pound on the full weight of the paste, and not on the weight of the ultramarine contained therein when dry.

Appeal from the Decision of the Circuit Court for the Southern District of New York sustaining the decision of the board of general appraisers, who reversed the decision of the collector upon the amount of duty to be imposed upon ultramarine blue in pulp.

Henry C. Platt, U. S. Atty., and James T. Van Rensselaer, Asst. U. S. Atty.

Albert Comstock, for appellee.

Before WALLACE and SHIPMAN, Circuit Judges.

SHIPMAN, Circuit Judge. The merchandise in question was ultramarine blue in pulp, which was imported into the port of New

York on May 29, 1891. A duty of $4\frac{1}{2}$ cents per pound was exacted by the collector upon the net weight of the imported article, under the provisions of paragraph 55 of the tariff act of October 1, 1890, which is as follows: "Ultramarine blue, four and one half cents per pound." The importer protested against the assessment of duty upon the whole weight, claiming that the assessment should be only upon the weight of the ultramarine blue contained in the pulp.

Ultramarine blue is imported in the form of powder, of little lumps or drops, and in pulp. The pulp is a thick paste, which is made by grinding the ultramarine in water, and is used to produce a high gloss upon paper hangings. It is sold by the pound, but the price is reduced in accordance with the quantity of water contained in it. The board of general appraisers decided that the duty should be assessed only upon the actual quantity of ultramarine blue in the casks at $4\frac{1}{2}$ cents per pound, and their decision was sustained by the circuit judge "with extreme doubt."

If the foregoing statement contained all the facts which are applicable to the case, the reason of the decision of the board of general appraisers would be very persuasive; but other provisions of the tariff act of October 1, 1890, in that portion of Schedule A which relates to colors, are important. Thus, paragraph 50 imposed upon "blues * * * dry or ground in or mixed with oil," a duty of six cents per pound, and "in pulp or mixed with water six cents per pound on the material contained therein when dry." Paragraph 53 contained the same provision, in the same language, in regard to chrome yellow, chrome green, and like chromium colors. Under paragraph 57, the duty of 12 cents per pound is imposed upon vermilion red, whether dry or ground in oil or water. It seems apparent that congress was aware of the differing methods in which colors were prepared for the market,—that they were either dry, or mixed with oil, or mixed with water,—and, with respect to a portion of the blues and to the chromium colors, provided in terms that when they were mixed with water the specific duty per pound should be assessed only on the weight of the color actually contained therein. Congress knew of the distinction between material dry and ground in water, and discriminated between the two methods, when it chose to do so. It omitted any discrimination in regard to ultramarine blue, and presumably for a satisfactory reason. The distinction which the legislature carefully made in paragraphs 50 and 53, and which was not made in paragraph 55, leads us to the conclusion that the distinction was intentionally omitted, and that the article known as "ultramarine blue" is dutiable at $4\frac{1}{2}$ cents per pound in whatever form it is commercially known and purchased.

The decision of the circuit court is reversed.